UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IN RE: ANNA THERESA BALASH,

                1:25-pf-2 (BKS)

        Respondent.
_____

**Hon. Brenda K. Sannes, Chief U.S. District Judge:**

## ORDER TO SHOW CAUSE

**I.    INTRODUCTION**

On July 24, 2025, United States District Judge Anne M. Nardacci issued a Memorandum-Decision and Order in *Balash v. Yiannakis Costa Ioannides Estate, et al. ("Balash VII")*, No. 24-cv-00679 (N.D.N.Y. filed May 17, 2024), Dkt. No. 33 ("Referral Order"), addressing the defendant U.S. Bank National Association's argument that the plaintiff, Anna Theresa Balash (named here as "Respondent"), has engaged in "multiplicitous, and baseless litigation" and that she should be enjoined from filing any further actions in "the United States District Court for the Northern District of New York involving the same claims, transactions and/or occurrences raised in Plaintiff's Complaint without prior approval of the Court," *Balash VII*, No. 24-cv-00679, Dkt. No. 14-20, at 22–24. Judge Nardacci agreed and referred this matter to the undersigned along with a recommendation in favor of the issuance of a pre-filing order prohibiting Respondent from filing new actions in this Court, pro se. *Id.* Dkt. No. 33, at 12. For the reasons that follow, the Court orders Respondent to show cause why she should not be enjoined from filing any civil action *pro se* in this District without prior leave of the Chief Judge or his or her designee.

## II. BACKGROUND

Since 2022, Respondent has filed seven proceedings pro se in the Northern District of New York:[1] *Balash-Ioannidou v. Contour Mortg. Corp. et al. ("Balash I")*, No. 22-cv-00807 (GLS/DJS) (N.D.N.Y. filed Aug. 1, 2022); *Balash v. Bank of New York Mellon Trust Co. ("Balash II)*, No. 22-cv-01120 (BKS/DJS) (filed Oct. 28, 2022); *LoanCare, LLC v. Balash ("Balash III")*, No. 23-cv-00025 (GLS/DJS) (removed Jan. 9, 2023); *U.S. Bank Nat'l Assn v. Ioannides ("Balash IV")*, No. 23-cv-233 (AMN/DJS) (N.D.N.Y. removed Feb. 22, 2023 by Respondent as Interpleader); *Balash v. U.S. Bank Nat'l Assn. ("Balash V")*, No. 23-cv-614 (AMN/DJS) (N.D.N.Y. filed May 22, 2023); *Balash v. LoanCare LLC et al. ("Balash VI")*, No. 23-cv-921 (GTS/DJS) (N.D.N.Y. filed July 31, 2023); *Balash v. Yiannakis Costa Ioannides Estate ("Balash VII")*, 1:24-cv-00679 (AMN/DJS) (filed May 17, 2024).[2]

### A. *Balash I*

On August 1, 2022, Respondent filed a complaint against Contour Mortgage Corporation and Loancare, LLC, regarding a lien and foreclosure on a property in Valatie, New York. *Balash I*, 22-cv-00807, Dkt. No. 1 (complaint requesting that the court enjoin the ongoing foreclosure action and remove the mortgage lien on the basis that Respondent sent "sufficient payment" to satisfy the lien); *see also id.*, Dkt. No. 5 (motion for temporary restraining order). On November 17, 2022, following Loancare's filing of a motion to dismiss, *Balash I*, Dkt. No. 9, Respondent

---

[1] Respondent has filed (or removed from state court) at least five actions pro se in the Eastern District of New York: *Balash-Ioannidou v. Contour Mortg. Corp. et al.*, No. 22-cv-04506 (E.D.N.Y. filed July 22, 2022); *Wilmington Sav. Fund Soc'y v. Balash-Ioannidou*, No. 22-cv-07177 (E.D.N.Y. removed Dec. 6, 2022); *Balash v. Wilmington Sav. Fund Soc'y, FSB*, No. 23-cv-02482 (E.D.N.Y. filed Mar. 31, 2023); *Balash v. Wilmington Sav. Fund Soc'y, FSB*, No. 23-cv-06189 (E.D.N.Y. removed Aug. 17, 2023); *Astoria Equity Partners, LLC v. Balash*, No. 24-cv-03977 (E.D.N.Y. removed June 3, 2024). All cases have been dismissed or remanded back to state court.

[2] Respondent also filed a miscellaneous proceeding *In re Motion to Withdraw Reference*, 24-mc-29 (N.D.N.Y. filed Dec. 16, 2024), seeking to withdraw a reference in a pending bankruptcy matter but the Court has not considered that filing in determining whether a pre-filing order is warranted.

filed a notice of voluntary dismissal agreeing to pursue the matter in state court, where there was an ongoing proceeding, *Balash I*, Dkt. No. 15. *Balash I* was accordingly closed.

### B. *Balash II*

In *Balash II*, Respondent filed a complaint naming seven defendants, including the Bank of New York Mellon Trust Company, two attorneys, and several other companies, alleging, among other things, fraud and violation of the Federal Debt Collection Practices Act, in connection with a foreclosure action against a property in Hudson, New York (Columbia County). *Balash II*, No. 22-cv-01120, Dkt. No. 1 (complaint filed Oct. 23, 2022). On February 14, 2025, more than two years after the complaint was filed, following extensive motion practice due to the number of defendants and Respondent's filing of a frivolous motion for "certification and bifurcation of final judgment," all claims were dismissed.[3] *Balash II*, Dkt. Nos. 85, 98, 118 (Orders entered on July, 10, 2023, March 26, 2024, February 14, 2025).

### C. *Balash III*

On January 9, 2023, less than two months after voluntarily dismissing *Balash I*, Respondent filed an "Interpleader's Notice of Removal to Federal Jurisdiction" removing the Loancare LLC foreclosure proceeding concerning the Valatie, New York property from state court. *Balash III*, 23-cv-00025, Dkt. No. 1 (removing complaint as "AB Revocable Living Trust" and "appearing In Propria Persona"). On January 13, 2023, the court remanded the matter back to state court, finding that the removal was procedurally insufficient as it did not attach the state court complaint and that because "AB Revocable Living Trust" did not appear to be a defendant in the state court action, but an interpleader, and, as such, could not remove the action. *Balash III*, Dkt. No. 5.

---

[3] To her credit, Respondent voluntarily dismissed two of the corporate defendants approximately three months after filing the complaint. *Balash II*, Dkt. Nos. 60, 61.

### D. *Balash IV*

On February 22, 2023, Respondent, acting as "Interpleader," filed a notice of removal of a state court foreclosure proceeding concerning the Hudson, New York property. *Balash IV*, No. 23-cv-233, Dkt. No. 1 (notice of removal filed by "AB Revocable Living Trust, by: Anna Thersa Balash, Trustee not Individually, Interpleader"). According to the removal notice, the state court action was between U.S. Bank National Association as plaintiff and Yiannakis Ioannides as defendant. *Balash IV*, Dkt. No. 1. On March 8, 2023, the court remanded the matter on the ground that removal it was untimely and because it did "not appear that AB Revocable Living Trust" was a defendant in the state court action. *Balash IV*, Dkt. No. 9.

### E. *Balash V*

On May 22, 2023, Respondent, as "Trustee" for "AB Revocable Living Trust," filed a complaint against U.S. Bank National Association regarding the Hudson, New York property. *Balash V*, No. 23-cv-00614, Dkt. No. 1. On August 15, 2024, the court issued an order granting the defendant's motion to dismiss for lack of subject matter jurisdiction. *Balash V*, Dkt. No. 25. The court summarized the background as follows:

> In February 2012, Defendant commenced an action to foreclose on the [Hudson, New York] Property in New York State Supreme Court, Columbia County. *U.S. Bank Nat'l Ass'n v. Ioannides*, No. 4116/2012, N.Y. Sup. Ct. Columbia Cty. (the "State Court Action"). The state court entered a judgment of foreclosure and sale of the Property in January 2018. The thrust of Plaintiff's allegations is that the judgment in the State Court Action should be overturned.

*Balash V*, Dkt. No. 25, at 2–3 (internal citations omitted). Finding that Respondent was the "successor, heir, and surviving spouse of the named defendant who received an adverse judgment in the State Court action," and that her claims related entirely to the adverse judgment,

4

which she sought to overturn, the court dismissed the action as barred by the *Rooker-Feldman* doctrine. *Balash V*, Dkt. No. 25, at 5–6.

    **F.**    ***Balash VI***

On July 31, 2023, Respondent filed a complaint as "Trustee" "for AB Revocable Living Trust" against Loancare, LLC, the New York State Unified Court System, Virginia Doney Benedict, the Social Security Administration, the Treasurer of the United States, and the Director of the Administrative Office of the United States Courts. *Balash VI*, No. 23-cv-921, Dkt. No. 1. Respondent described "the object of this case" as a "gold contract, exchanged for land, both having determined substance cognizable by this court and not under the presumption of a form of script currency." *Balash VI*, Dkt. No. 1, at 2. Defendants moved to dismiss in November 2023 and January 2024, *Balash VI*, Dkt. Nos. 25, 35. Respondent did not respond to either motion. On May 31, 2024, the court issued a text order explaining that because Respondent commenced the action on behalf of a trust, and because a trust cannot appear pro se, an attorney was required to appear on behalf of the trust. *Balash VI*, Dkt. No. 39. The court warned Respondent that if an attorney did not appear on behalf of the trust or if Respondent did not file a status report outlining her efforts to obtain counsel within thirty days, the case would be dismissed. *Balash VI*, Dkt. No. 39. Upon Respondent's request, the court extended the deadline for compliance with its May 31 text order to September 6. *Balash VI*, Dkt. No. 45. On September 4, Plaintiff filed a motion for voluntary dismissal, *Balash VI*, Dkt. No. 46, which, on September 20, the court granted, *Balash VI*, Dkt. No. 47.

    **G.**    ***Balash VII***

On May 17, 2024, Respondent filed an action against the Yiannakis Costa Ioannides Estate, the State of New York, the U.S. Bank National Association, Merrill Lynch Mortgage,

Investors, Inc., and Auction.com, LLC, alleging conversion in relation to the Hudson, New York property, seeking declaratory judgment "that the foreclosure and sale is void," seeking an accounting, and seeking injunctive relief. *Balash VII*, No. 24-cv-679, Dkt. No. 1. On July 24, 2025, the court issued an order dismissing the complaint as barred by the *Rooker-Feldman* doctrine and referring Respondent's litigation practices to this Court for consideration of a pre-filing order. *Balash VII*, Dkt. No. 33.

### III. DISCUSSION

#### A. Relevant Law

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005)); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). The Second Circuit has instructed that courts must consider the following factors in deciding whether to impose a pre-filing injunction:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019) (quoting *Iwachiw*, 396 F.3d at 528).

    **B.**    **Analysis**

Judge Nardacci carefully considered each of the above factors. Referral Order at 9–12. The Court adopts and incorporates Judge Nardacci's analysis herein. All of Respondent's cases have been remanded back to state court or dismissed. Further, Respondent's has filed multiple lawsuits concerning the same two state court foreclosure proceedings—three regarding property in Valatie, New York, and four regarding property in Hudson, New York. Respondent has filed or removed three cases naming Loancare as a defendant and three cases naming U.S. National Bank as a defendant. Respondent's conduct in challenging the same state foreclosure proceedings and suing the same defendants more than once can fairly be labeled as vexatious and duplicative. The vexatiousness of Respondent's actions is also evident in her (improper) removal of a state court action involving Loancare and the Valatie, New York property court action, *Balash III*, Dkt. No. 1, to this Court less than two months filing of a notice of voluntary dismissal of *Balash I*, in which she sued Loancare regarding the Valatie, New York property, agreeing to litigate the matter in state court, *Balash I*, Dkt. No. 15, Respondent's filing of a complaint naming U.S. Bank National Association as a defendant approximately two months after failing in her effort to remove U.S. Bank National Association's state court foreclosure action to this court also demonstrates her vexatious litigation practices. *See Balash IV*, Dkt. No. 9 (remanded March 8, 2023); *Balash V*, Dkt. No. 1 (complaint filed May 22, 2023).

Respondent's conduct in continuing to remove or file actions on grounds that court had previously stated were meritless indicates the lack of any objective good faith expectation of succeeding. When the court remanded *Balash III* to state court, it explained that because "AB

7

Revocable Living Trust" did not appear to be a defendant in the state court action, but an interpleader, it could not remove the action. *Id.* Dkt. No. 5. Thus, when Respondent filed a notice of removal as "Interpleader," just over a month later with respect to a second state court action in which she was not named as a defendant, *Balash IV*, Dkt. No. 1, she could have no good faith expectation of success. In addition, Respondent continued to file property foreclosure related actions, *see Balash VI*, Dkt. No. 1 (complaint filed July 31, 2023); *Balash VII*, Dkt. No. 1 (complaint filed May 17, 2024), even after two district court judges issued decisions finding Respondent's challenges to state foreclosure judgements barred by the *Rooker-Feldman* doctrine, and the Second Circuit had dismissed her appeal as lacking any arguable basis in law or fact. *See Balash v. Wilmington Sav. Fund Soc'y, FSB*, No. 23-cv-2482, 2023 WL 4397817, at *2, 2023 U.S. Dist. LEXIS 119393, at *3–5 (E.D.N.Y. June 14, 2023), *appeal dismissed*, No. 23-971, 2024 WL 3236426, 2024 U.S. App. LEXIS 16150 (2d Cir. Feb. 9, 2024) (finding appeal lacked an "arguable basis either in law or in fact") (quotation marks omitted); *Balash II*, Dkt. No. 85, at 13–19 (order issued July 10, 2023). This Court therefore has no difficulty adopting Judge Nardacci's conclusion that "[g]iven this track record across the courts, the court cannot find that Plaintiff is pursuing such litigation with 'an objective good faith expectation of prevailing.'" Referral Order, at 11 (quoting *Vassel v. Firststorm Props. 2 LLC*, 750 F. App'x 50, 52 (2d Cir. Sept. 19, 2018).

The needless expense Respondent has caused in filing these uniformly frivolous actions is undoubtedly great. In total, Respondent has named twenty different defendants, necessitating the appearance of twelve different law firms and seventeen attorneys, including the Office of the United States Attorney for the Northern District of New York and the Office of the New York State Attorney General. The burden on the court has also been heavy, taxing the already full

dockets of four district court judges, but it has perhaps been the most taxing on the one magistrate judge who has been assigned to all seven cases.

Although there is no indication that other sanctions have been attempted and although Respondent clearly has the ability to pay filing fees, in light of the Respondent's demonstrated persistence in re-commencing dismissed cases on identical issues against multiple defendants, the Court finds no other sanction would offer defendants or the Court adequate protection. *See Eliahu*, 919 F.3d at 715 (noting that although the plaintiffs had the resources to pay filing fees, "the record demonstrat[ed] that monetary sanctions are unlikely to dissuade them from continuing their litigation campaign").

Although the Referral Order recommended a pre-filing order limited to prohibiting Respondent from filing cases arising from the claims alleged in *Balash VII* concerning the Hudson, New York property foreclosure, *Balash VII*, Dkt. No. 33, at 8, because has Respondent has also filed cases concerning the Valatie, New York property foreclosure, and has named a number of defendants with little or no connection to the properties at issue, the Court finds a limited order would be insufficient to protect the defendants and the Court. Therefore, after carefully reviewing the record, the Court concludes that, unless Respondent shows cause otherwise, Respondent shall be enjoined from filing any civil action *pro se* in this District without prior leave of the Chief Judge or his or her designee. (This would not preclude Respondent from filing pleadings or documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed). Notwithstanding the overwhelming support for a pre-filing injunction of this kind, fairness dictates that Respondent be given notice and an opportunity to be heard. *See Iwachiw*, 396 F.3d at 529. As a result, Respondent shall have fourteen (14) days from the date of this Order to show cause, in writing, why she should not be

from filing any civil action *pro se* in this District without prior leave of the Chief Judge or his or her designee.

IV.     **CONCLUSION**

**ACCORDINGLY**, it is

**ORDERED** that Respondent Anna Theresa Balash shall, within FOURTEEN (14) DAYS of the date of this Order, show cause, in writing, why she should not be barred from filing any civil action *pro se* without prior leave of the Chief Judge or his or her designee;[4] and it is further

**ORDERED** that, if Respondent does not fully comply with this Order, the Court will issue a subsequent order, without further explanation, permanently so enjoining Respondent; and it is further

**ORDERED** that the Clerk shall mail a copy of this Order to Show Cause to Respondent by regular and certified mail.

**IT IS SO ORDERED.**

Dated: October 14, 2025

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge

---

[4] This injunction would apply to, among other things, continued filings by Respondent as a pro se plaintiff in any action filed by her in state court removed to this Court or filed by her in another U.S. District Court and transferred to this Court. *See Sassower v. Starr*, 338 B.R. 212, 218-19 & n.1 (S.D.N.Y. Bankr. 2006) (recognizing validity of pre-filing injunction expressly applying to actions removed from state courts to the Southern District of New York); *Jenkins v. Kerry*, 928 F. Supp. 2d 122, 126 (D.D.C. 2013) (noting that Southern District of Florida would apply its pre-filing injunction to case that was transferred there from the District for the District of Columbia); *Petrols v. Boos*, No. 10-cv-0777, 2012 WL 1193982, at *1, n.3, 2012 U.S. Dist. LEXIS 49785, at *2, n.3 (N.D. W. Va. Apr. 10, 2012) ("This pre-filing injunction does not preclude the plaintiff from filing an action in state court, but it does apply to cases filed in state court that are removed to this Court."); *Kissi v. Pramco, II, LLC*, No. 09-cv-0267, 2009 WL 8636986, at *1, 2009 U.S. Dist. LEXIS 61425, at *2 (D. Md. Feb. 12, 2009) (applying District of Maryland's pre-filing injunction to case that had been transferred from the District of Delaware).